IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CHARLES ALLEN PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-6029-CV-SJ-FJG |
| | ) | |
| GENTRY COUNTY COMMISSION and | ) | |
| GARY CARLSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Defendant Gentry County Commission's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 6). Defendant Gentry County Commission ("Gentry County") seeks to dismiss this case because plaintiff allegedly failed to properly serve defendant Gentry County under Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) provides in relevant part:

Serving a Foreign, State, or Local Government.

> (2) State or Local Government.  A state, or municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The Missouri Rules of Civil Procedure proscribe the manner in which Missouri Counties are to be served process. Rule 54.13(b)(4) states that personal service within the state must be made "by delivering a copy of the summons and petition to the clerk of the county commission in the case of a county." Mo. Sup. Ct. R. 54.13(b)(4); Mo. Rev. Stat. §

506.150.1(5). Defendant claims plaintiff did not serve the chief executive officer of the County or the Clerk of the County Commission and only served the Associate Commissioner of Gentry County. Thus, defendant argues that service upon the Associate Commissioner does not constitute proper service under the federal and Missouri rules.

Plaintiff responds that defendant Gentry County accepted service during a formal meeting on Tuesday, March 25, 2008 and that defendant Gary Carlson, along with Associate Commissioner Larry Wilson, was present at the meeting. Plaintiff states that even if this is considered insufficient service of process, plaintiff effectuated service on April 21, 2008 by serving both Presiding Commissioner Rod Dollars and Gentry County Clerk Carol Reidlinger (Doc. No. 10).

Although a Court must dismiss an action for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), plaintiff has since corrected any insufficiency in service of process when he served the appropriate entities on April 21, 2008 (Doc. No. 10). See Thomas v. MO Jackson County, 2008 U.S. Dist. LEXIS 6906. *2 (W. D. Mo. January 30, 2008). Because plaintiff has served both the chief executive officer of the county as well as the clerk, the issues raised in defendant's motion to dismiss are now moot. Therefore, the Court hereby **DENIES AS MOOT** defendant Gentry County Commission's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 6).

**IT IS SO ORDERED.**

Date: 6/23/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge