# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

CHARLES ALLEN PORTER,               )
                                    )
              Plaintiff,            )
                                    )
v.                                  )  No. 08-6029-CV-SJ-FJG
                                    )
GENTRY COUNTY COMMISSION            )
and GARY CARLSON,                   )
                                    )
              Defendants.           )

## ORDER

Currently pending before the Court is Defendant Gentry County Commission's Motion to Dismiss (Doc. No. 14); Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 20); and Plaintiff's Motion for Leave to File Sur-reply to Defendant Gentry County Commission's Second Motion to Dismiss (Doc. No. 36). The Court will consider defendant's motion below.

## I.     BACKGROUND

This is an action brought under 42 U.S.C. §1983. Plaintiff Charles Allen Porter ("Porter") is a resident of Gentry County. Plaintiff has sued Gentry County Commission ("County") and Associate County Commissioner of Gentry County, Gary Carlson, who is also plaintiff's brother-in-law. Plaintiff states that Gentry County allowed a private company, Wind Capital, to build several wind turbine towers within a mile of plaintiff's home. Plaintiff claims he protested the construction of these towers which allegedly put the developer and the County on notice that he was opposed to the towers. Despite plaintiff's protests, the wind turbine towers were built on plaintiff's home. Plaintiff claims the wind turbine towers have caused such effects as: the loss of equity and marketability in his home, a frequent

loud and disturbing noise generated by the operational turbines, a powerful strobe light effect caused by the rotating turbine blades, loss of quiet enjoyment of his property, and loss of sleep due to disturbance from the towers.

From 2006 to present, plaintiff states he filed several complaints concerning the turbine wind towers with the Gentry County Sheriff's Department. Plaintiff claims his complaints were ignored by the Sheriff's Department and the County Commission because of the tax revenue generated by Wind Capital. After the filing of these complaints, plaintiff states the County charged plaintiff with disturbing the peace and had the Missouri Highway Patrol arrest plaintiff on September 10, 2007 for a two-year-old traffic ticket.

Additionally, plaintiff claims he protested the wind turbine towers to defendant Carlson and that he informed Carlson about a news reporter wanting to do a news story about plaintiff's situation. On February 2, 2008, plaintiff claims that defendant Carlson called plaintiff and told him "I'm gonna kill you, die trying or go to jail, I don't care which." Plaintiff states that defendant Carlson said he was coming to over to his house, so to protect his family, plaintiff met Carlson about a half-mile from his house. Once plaintiff arrived, he claims that Mark Porter grabbed plaintiff and choked him while Carlson punched plaintiff in the face several times and proceeded to hit and kick plaintiff. Plaintiff claims that Carlson and Porter then began a rehearsing a story they would tell the Sheriff's Department once they arrived. When an officer from the Sheriff's Department arrived, plaintiff states that Carlson told the officer that plaintiff threatened Carlson's wife. As a result, the officer arrested plaintiff and not Carlson or Porter. After the incident, plaintiff states that Carlson was never removed from his position as Associate County Commissioner. Plaintiff claims

2

that Carlson and Porter arbitrarily attacked plaintiff without provocation or motive and that defendant County deliberately ignored the persistent and widespread custom of harassing and ignoring plaintiff's complaints.

Plaintiff's Complaint sets forth the following counts against defendants: Count One: Claim under 42 U.S.C. § 1983 for defendant Carlson's retaliation against plaintiff for exercising his rights under the first and fourteenth amendments; Count Two: Claim under 42 U.S.C. § 1983 for defendant's Carlson's retaliation by filing an order of protection against plaintiff for exercising his rights under the first and fourteenth amendments; Count Three: Claim under 42 U.S.C. § 1983 for defendant Commission's retaliation by approval of defendant's Carlson's acts against plaintiff for exercising his rights under the first and fourteenth amendments; Count Five: Common Law Battery against both defendants; Count Six: Common Law Assault against defendant Carlson and defendant Commission; Count Seven: Common Law False Imprisonment Against Defendant Carlson and Defendant Commission; Count Eight: a claim for punitive damages; and Count Nine: a claim for attorney fees and costs. Plaintiff seeks to amend his complaint to add a party, defendant Mark Porter, who is a resident of Gentry Country. Plaintiff's Amended Complaint includes a Section 1983 claim against defendant Carlson and Commission; a Missouri common law battery claim against all defendants; common law assault against all defendants; common law false imprisonment against all defendants; punitive damages against all defendants; and attorney fees and costs against all defendants.

II.      STANDARD OF REVIEW

3

**A.     Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction.  In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

Federal Rule of Civil Procedure 8 provides: "[a] pleading that states a claim for relief must contain: a short plain statement of the claim showing that the pleader is entitled to relief..."  Rule 8 further provides that "[p]leadings must be construed so as to do justice." In construing a pleading, the court must consider whether the pleading provides notice of the claims being asserted against the defendant.  See Shelter Mutual Ins. Co. v. Public Water Supply, 747 F. 2d 1195, 1197 (8th Cir. 1984).

The Supreme Court recently issued a new standard to apply when considering motions to dismiss.  In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted).  The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that

4

actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, the complaint must be dismissed." Id. at 1974.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. Twombly, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

### B. Motion for Leave to Amend

Under Rule 15(a), a party may amend its pleading by leave of court and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although leave to amend should be granted freely, the court may deny a motion for leave to amend if the amendment would be futile. See Stricker v. Union Planters Bank, 436 F.3d 875, 878 (8th Cir. 2006); City of Waukesha v. Viacom International, Inc., 362 F.Supp.2d 1025, 1027 (E.D. Wis. 2005)(citing Foman v. Davis, 371 U.S. 178 (1962)).

### III. DISCUSSION

5

## A.    Defendant Gentry County Commission's Motion to Dismiss

Defendant County seeks to dismiss plaintiff's Complaint for the following reasons: (1) the Court has no jurisdiction over any claims that the County failed to give adequate public notice or hold adequate public meetings in regards to the construction of the wind turbine towers; (2) plaintiff's Complaint fails to state a claim for a land use dispute with a governmental body; (3) plaintiff has failed to state a claim against the County under §1983 for failing to plead a County policy or custom which caused any harm; and (4) plaintiff's claim of due process violations fail to state cognizable claims under § 1983.

Plaintiff responds that he has properly pled a claim under § 1983.  Plaintiff asserts that even if his original complaint does not properly state a claim under § 1983, plaintiff argues that its proposed amended complaint expressly states that defendant County either tacitly approved or was deliberately indifferent toward the custom of ignoring plaintiff's Complaints to the Gentry County Sheriff's Department and Defendant Carlson.  Further, plaintiff states that defendant County ignored or approved the harassment of plaintiff so as not to jeopardize the tax revenue generated by Wind Capital.  Finally, plaintiff states that he is not pleading a land use action.

The Court finds that under the standard set out by the Supreme Court in Twombly, plaintiff has not sufficiently set out a claim or facts against the County upon which relief could be granted.   In order to establish liability against a county under Section 1983, plaintiff must prove the following:

> Official policy involves a deliberate choice to follow a course of action made
> from among various alternatives by an official who is determined by state law
> to have the final authority to establish governmental policy.  Alternatively,
> "custom or usage" is demonstrated by:

6

> 1) The existence of a continuing widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> 3) The plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation.

Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998); see also Baker v. McCoy, 739 F.2d 381, 384 (8th Cir. 1984)("In order to sustain such a claim, the plaintiff must show that the governmental body had notice of prior misbehavior, that it failed to act, with "deliberate indifference" to further constitutional violations, and that such failure to act proximately caused the injury.")(citations omitted).

Although plaintiff's amended complaint states that defendant County ignored the persistent and widespread custom of harassing plaintiff and ignoring plaintiff's complaints, the Court finds that simply stating that there was a "custom" of ignoring plaintiff is insufficient to establish a claim against the County under § 1983 . The Court believes there are no facts to support an established custom or policy of unconstitutional misconduct by the county or its employees in plaintiff's complaint. Further, there are insufficient facts alleged in plaintiff's complaint, amended or original, to show that the County had notice of the prior misbehavior or actions of defendant Carlson. Thus, the Court concludes that plaintiff has not presented enough facts to raise a reasonable expectation or at least above the speculative level that discovery may reveal evidence of the claims asserted in plaintiff's Complaint against the County. Twombly, 127 S.Ct. at 1974. Therefore, the Court hereby **GRANTS** defendant County's motion to dismiss.

   **B.**     **Plaintiff's Motion for Leave to File First Amended Complaint**

7

Plaintiff seeks leave to amend his complaint to add Mark Porter as a defendant in this matter and to modify some of the counts in his complaint. Per the Court's Scheduling Order (Doc. No. 34), any motion to amend pleadings must be filed by December 15, 2008. Plaintiff filed his motion on June 6, 2008. Thus, plaintiff's motion was filed timely. Defendant opposes plaintiff's motion to amend for the same reasons it seeks to dismiss plaintiff's complaint. The Court will allow plaintiff to file his amended complaint. However, plaintiff must properly amend his complaint to remove defendant County as a defendant in this matter in accordance with the Court's decision to grant the County's motion to dismiss. Therefore, plaintiff's motion for leave to file first amended complaint is **GRANTED**.

**C.      Plaintiff's Motion for Leave to File Sur-reply to Defendant Gentry County Commission's Second Motion to Dismiss**

Plaintiff seeks to leave to file a sur-reply to defendant's second motion to dismiss because plaintiff claims that defendant County raises for the first time that plaintiff's amended complaint should be dismissed. Although the local rules in this district do not specifically prohibit the filing of a sur-reply, it is not the Court's practice to allow parties to file a sur-reply. The Court has all the information it needs from the briefs to make a decision on this matter. Therefore, the Court hereby **DENIES** plaintiff's motion for leave to file sur-reply to defendant Gentry County Commission's second motion to dismiss.

**IV.      CONCLUSION**

For the foregoing reasons, Defendant Gentry County Commission's Motion to Dismiss (Doc. No. 14) is **GRANTED**; Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED** (Doc. No. 20); and Plaintiff's Motion for Leave to File Sur-reply to Defendant Gentry County Commission's Second Motion to Dismiss (Doc. No. 36) is

8

**DENIED**.  It is hereby **ORDERED** that all claims pending against defendant Gentry County

Commission be dismissed from this action.


        **IT IS SO ORDERED.**

Date:    8/4/08                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                Chief United States District Judge